USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                     :
LISETTE TORRES, et al.,                    :
                             Plaintiffs,    :
                                                     :             18 Civ. 3644 (LGS)
                  -against-                    :
                                                     :             **OPINION AND ORDER**
CITY OF NEW YORK,                     :
                                         Defendant.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Lissette Torres brings this action against the City of New York, alleging sexual orientation discrimination, hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"). Defendant moves for partial dismissal of the Amended Complaint ("Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's motion to dismiss the discrimination and hostile work environment claims is granted.

## I. BACKGROUND

       The following facts are taken from the Complaint and exhibits attached to the Complaint, and are accepted as true for purposes of this motion. *See TCA Television Corp. v. McCollum*, 839 F.3d 168, 172 (2d Cir. 2016); *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

       Plaintiff is a gay Latina woman who was a member of the New York Police Department's ("NYPD's") 48th Precinct for 18 years. In 2013, Plaintiff was not yet out as gay in the workplace and disclosed her sexual orientation to only a few colleagues, including Migdalia Chu, another officer in the 48th Precinct. In June 2013, Plaintiff was with her domestic partner,

Lisa Velez, at an off-duty police social event. While Plaintiff, Chu and Velez were in the restroom at the event, Chu saw Velez leave the restroom and said, "you should have used the men's bathroom, bitch." Supervising Officer Sergeant Jessica Pabon was present but did not take any remedial action. After the June 2013 incident, when Plaintiff was in common precinct areas with Chu, Chu would make grunting and animal noises directed at Plaintiff. When Plaintiff notified her supervisors, they offered to move Plaintiff's locker into her office to avoid contact with Chu.

Around August 10, 2015, Plaintiff and Chu were both on duty at the 48th Precinct. When Chu saw Plaintiff, Chu began making grunting and animal noises and called Plaintiff a "filthy animal." In front of several officers Chu repeatedly yelled "go eat pussy, you lesbian bitch," and another officer was forced to restrain Chu to prevent her from attacking Plaintiff. Chu's public comments forced Plaintiff to come out as gay to her colleagues.

On August 13, 2015, Plaintiff discussed with Sergeant Vines and Sergeant Soto filing a complaint with the NYPD Office of Equal Employment Opportunity ("OEEO"). Although the officers discouraged her, she submitted a complaint to the OEEO on August 13, 2015. After filing her complaint, Plaintiff started experiencing "antagonistic treatment by her peers and supervisors." Plaintiff was reassigned from her regular night-shift to a less lucrative day shift, her requests to be scheduled on different shifts from Chu were ignored and she was denied overtime after previously working approximately 25 hours of overtime per month. Plaintiff was also denied participation in community engagement events, including Harmony Day, in which she had been a leader for several years. When Plaintiff learned that Chu was representing the 48th Precinct at Harmony Day, she requested a different assignment, and Defendant transferred her to another precinct for the event.

2

After filing her OEEO complaint, the OEEO referred Plaintiff and Chu to mediation. Chu and Plaintiff had two mediation sessions to "work things out." Following the sessions, according to the 50-h transcript[1] attached to the Complaint, Plaintiff decided that she no longer wanted to continue mediation and preferred to pursue a General Order ("G.O.") 15 hearing.[2] Around December 2015, after OEEO conducted an incomplete investigation, Plaintiff received OEEO's determination that her complaint did not "rise to the level of employment discrimination in the workplace." The OEEO determination required Chu to be "reinstructed regarding NYPD EEO Policy and being professional in the workplace" and further referred "the matter . . . to the Commanding Officer [in their precinct] . . . for appropriate attention and further corrective action to preclude a reoccurrence." Around April 2016, Plaintiff was forced to seek a transfer out of the 48th Precinct, resulting in a loss of seniority in the precinct and her position as Auxiliary Police Coordinator. Her loss of overtime in 2016 made it financially impossible for her to retire as intended in 2017.

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are

---

[1] A 50-h hearing is a preliminary hearing used to investigate misconduct and a statutory prerequisite to filing a lawsuit against the City. *See* N.Y. Gen. Mun. L. § 50-h.
[2] A G.O. 15 hearing is conducted as part of an internal investigation into a member of the NYPD pursuant to NYPD Patrol Guidelines. *See Barounis v. N.Y. City Police Dep't*, No. 10 Civ. 2631, 2012 WL 6194190, at *2 n.29 (S.D.N.Y. Dec. 12, 2012).

consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015)).

## III. DISCUSSION

The Complaint asserts 10 claims.  Count One is a putative class claim for retaliation under Title VII.  Counts Three, Seven and Nine are individual retaliation claims under Title VII, NYSHRL and NYCHRL, respectively.  Counts Two, Five and Eight are discrimination claims based on sexual orientation under Title VII, NYSHRL and NYCHRL, respectively.  Counts Four, Six and Ten are hostile work environment claims under Title VII, NYSHRL and NYCHRL, respectively.  Defendant moves to dismiss the discrimination and hostile work environment claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion is granted as to these claims.

### A. Title VII and NYSHRL Claims

#### 1. Discrimination Based on Sexual Orientation (Counts Two and Five)

The Title VII and NYSHRL discrimination claims are dismissed because the Complaint does not plead facts that give rise to an inference of discrimination -- i.e., that Plaintiff's sexual orientation was a motivating factor in an adverse employment action taken against Plaintiff.  To state a discrimination claim under both Title VII and NYSHRL, "a plaintiff must plausibly allege that (1) the employer took adverse action against [her] and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86, 87 (2d Cir. 2015) (stating requirements for discrimination claim under Title VII); *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 75 (2d Cir. 2016) (stating that claims

4

under Title VII and the NYSHRL are reviewed "according to the same standards"). Title VII includes protection for discrimination based on sexual orientation. *Zarda v. Altitude Exp., Inc.*, 883 F.3d 100, 132 (2d Cir. 2018), *cert. granted sub nom. Altitude Exp., Inc. v. Zarda* (U.S. Apr. 22, 2019). To survive a motion to dismiss, the facts alleged in the Complaint "need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311. "An inference of discrimination can arise from . . . the employer's criticism of the plaintiff's performance in [] degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group . . . ." *Id.* at 312 (quotation marks omitted).

The Complaint does not sufficiently allege that Plaintiff's sexual orientation was a motivating factor in the alleged adverse employment actions. After filing her complaint with the OEEO on August 13, 2015, Plaintiff was reassigned from night shifts to less lucrative day shifts, denied overtime opportunities, excluded from department events and community-engagement efforts and was "forced to seek transfer" out of the precinct. The Complaint alleges that these actions occurred because of Plaintiff's OEEO complaint and not her sexual orientation. *See Farmer v. Patino*, 18 Civ. 01435, 2019 WL 110956, at *5 (E.D.N.Y. Jan. 4, 2019) ("A plaintiff alleging employment discrimination must assert a causal connection between the discrimination and the plaintiff's protected characteristic; in other words, the plaintiff must allege that the defendants discriminated against [her] 'because of' [her] protected characteristic.") (citing *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). The Complaint does not allege that anyone responsible for Plaintiff's work assignments made derogatory comments about her sexual orientation. The Complaint also identifies no similarly situated straight comparators who received more favorable treatment. Although the Complaint supports the inference that

Plaintiff's alleged mistreatment *indirectly* resulted from her sexual orientation -- Plaintiff's being gay caused Chu to attack her, which caused Plaintiff to file the OEEO Complaint, which caused Plaintiff's mistreatment -- that causal connection is too attenuated to support a discrimination claim.³ "[T]o prove employment discrimination [a plaintiff] must also demonstrate that the causal connection between the defendant's action and the plaintiff's injury is sufficiently direct. [O]rdinary principles of causation apply to this inquiry into proximate cause." *Back v. Hastings On Hudson Union Free School Dist.*, 365 F.3d 107, 125 (2d Cir. 2004) (internal quotation marks and citation omitted); *Marcus v. Leviton Mfg. Co.*, 661 Fed. App'x. 29, 32 (2d Cir. 2016) ("A plaintiff must plead facts that give plausible support to a minimal inference of the requisite discriminatory causality.") (internal quotation marks omitted).

Chu's remarks do not, standing alone, support an inference that changes to Plaintiff's working conditions were the product of discrimination. The Complaint does not allege that Chu was Plaintiff's supervisor or otherwise in a position to influence Plaintiff's work assignments. *See Howard v. City of N.Y.*, 602 Fed. App'x 545, 547–48 (2d Cir. 2015) (summary order) (dismissing discrimination claim because "[plaintiff] proffered no evidence beyond mere speculation tying [the racially motivated comment] to any decision maker"); *Dixon v. Int'l Federation of Accountants*, 416 Fed. App'x 107, 110 (2d Cir. 2011) (summary order) (holding that an "isolated derogatory remark" made by someone with no role in Plaintiff's termination did not constitute sufficient evidence to support a case of employment discrimination); *Cincotta v. Hempstead Union Free School Dist.*, 313 F. Supp. 3d 386, 406 (E.D.N.Y. 2018) (holding that statements from "lower-level employees who did not have decision-making authority" did "not

---

³ The chain of causation does support Plaintiff's retaliation claims, but Defendant does not include those claims in its motion to dismiss.

give rise to an inference of discrimination"). Because the Complaint does not give rise to a minimal inference that discrimination on account of Plaintiff's sexual orientation was a motivating factor in her alleged mistreatment, the discrimination claims under Title VII and NYSHRL are dismissed.

### 2. Hostile Work Environment (Counts Four and Six)

The Title VII and NYSHRL hostile work environment claims are dismissed because the Complaint does not sufficiently allege that Plaintiff's work environment was objectively hostile and abusive or that there is a basis for imputing liability to Defendant. To plead a hostile work environment claim under Title VII and NYSHRL, the Complaint must "produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult[ ] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Duplan v. City of N.Y.*, 888 F.3d 612, 627 (2d Cir. 2018) (alteration in original). "A plaintiff must show not only that [she] subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive." *Id.*; *see Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) ("Hostile work environment claims under Title VII and the NYSHRL are governed by the same standard."). "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive. Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness." *Tolbert*, 790 F.3d at 439 (internal quotation marks omitted). "When harassment is perpetrated by the plaintiff's coworkers, an employer will be liable if the plaintiff demonstrates that 'the employer either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011) (citing *Perry v. Ethan Allen, Inc.*, 115

7

F.3d 143, 149 (2d Cir.1997)); *accord Russell v. N.Y. Univ.*, No. 15 Civ. 2185, 2017 WL 3049534, at *28 (S.D.N.Y. July 17, 2017), aff'd, 739 F. App'x 28 (2d Cir. 2018). "Generally, an employer is not liable as a matter of law for harassment resulting from nonwork-related, off-duty interactions between co-employees because those actions are not part of the work environment." *Paul v. Postgraduate Ctr. for Mental Health*, 97 F. Supp. 3d 141, 175 (E.D.N.Y. 2015).

The Complaint describes two incidents in which Chu made disparaging remarks in Plaintiff's presence over the course of two years. The first incident occurred in the restroom at an off-duty social event in June 2013. The second incident occurred on August 10, 2015, in front of several officers at the 48th Precinct while Plaintiff and Chu were on duty. Chu's comments in June 2013 and August 2015, although inappropriate, are too episodic to constitute a hostile work environment claim. *See Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 175–76 (2d Cir. 2012) ("Isolated incidents usually will not suffice to establish a hostile work environment.") (internal quotation marks omitted); *Alfano v. Costello*, 294 F.3d 365, 378–79 (2d Cir. 2002) (five incidents of harassment over four years were insufficient to support a hostile work environment claim); *Flieger v. E. Suffolk BOCES*, 693 F. App'x 14, 19 (2d Cir. 2017) (summary order) (holding that a "single comment" was not so severe as to support a claim for hostile work environment); *Campbell v. N.Y. City Transit Auth.*, 662 F. App'x 57, 60 (2d Cir. 2016) (summary order) (holding that two isolated incidents of harassment were insufficient to establish a hostile work environment); *Morrison v. United Parcel Service, Inc.*, 17 Civ. 2885, 2019 WL 109401, at *3 (S.D.N.Y. Jan. 4, 2019) ("One or two isolated uses of racially insensitive language are rarely sufficient, but rather, the plaintiff must demonstrate a 'steady barrage of opprobrious racial comments.'") (citing *Tolbert*, 790 F.3d at 439)). The Complaint also alleges that Chu would "make grunting and animal noises directed at Plaintiff," but provides no details about the

8

duration and frequency of this conduct, how it was tied to Plaintiff's sexual orientation nor who observed it. Construing the facts in favor of Plaintiff, this allegation is too vague to support a hostile work environment claim. *See Cowan v. City of Mount Vernon*, No. 14 Civ. 8871, 2017 WL 1169667, at *5 (S.D.N.Y. Mar. 28, 2017) (dismissing hostile work environment claim because the complaint failed to allege "how many comments [about plaintiff's body] or requests were made and when, or what was said. Such amorphous allegations are insufficient"); *Batista v. Waldorf Astoria*, No. 13 Civ. 3226, 2015 WL 4402590, at *8 (S.D.N.Y. July 20, 2015) (granting summary judgment on plaintiff's hostile work environment claim because the allegations of derogatory comments were "vague" and failed to "communicate the quantity, frequency or cumulative effect on Plaintiff's work environment").

The claim is also dismissed for the independent reason that it does not allege that Defendant is liable for Chu's conduct. The Complaint does not sufficiently plead that Defendant failed to provide an avenue for complaint or knew of the harassment and did nothing about it. *See Rojas*, 660 F.3d at 107. With respect to the 2013 incident, the Complaint does not allege that Defendant failed to provide an avenue of complaint. Indeed, at the time, Plaintiff could have reported her complaint to the NYPD EEO,[4] which she ultimately did in 2015.

---

[4] *See* City of New York, Equal Employment Opportunity Policy: Standards and Procedures to be Utilized by City Agencies (2014), available at https://www1.nyc.gov/assets/doc/downloads/EEO/EEO_Policy_NYC.pdf. The Court takes judicial notice of the fact that the EEO Policy exists. *See TCA Television Corp. v. McCollum*, 839 F.3d 168, 172 (2d Cir. 2016) (acknowledging that, on motion to dismiss, courts may consider documents appended to or incorporated in the complaint and matters of which judicial notice may be taken); *see Rayside v. City of N.Y.*, No. 17 Civ. 4447, 2019 WL 1115669, at *2 (S.D.N.Y. Mar. 11, 2019) (taking judicial notice of the fact that certain administrative procedures exist).

Neither does the Complaint sufficiently allege that Defendant was negligent in responding to Chu's behavior after the 2013 incident. *See Russell*, 2017 WL 3049534, at *28 ("If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions.") (quoting *Vance v. Ball State Univ.*, 570 U.S. 421, 423 (2013)). While the Complaint alleges that supervisors were aware of Chu's conduct, it also states that Defendant took remedial action by offering to move Plaintiff's locker into her office to provide distance from Chu. *See Lekettey v. City of N.Y.*, 637 F. App'x 659, 662 (2d Cir. 2016) (summary order) (dismissing hostile work environment claim because defendant took sufficient remedial action in moving plaintiff's workstation away from harassing employee); *see also Cowan*, 2017 WL 1169667, at *6 ("There is no requirement [under Title VII] that the remedy include punishing the co-worker responsible for the [] harassment.").

That supervisors were aware of Chu's behavior at an "off-duty police social event" is insufficient to constitute a hostile work environment claim. Because Chu's actions were "not part of the work environment," they cannot form the basis of a hostile work environment claim. *See Paul*, 97 F. Supp. at 175 (dismissing hostile work environment claim based on an attempted shooting while plaintiff was outside the office on his lunch break); *Krause v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 10 Civ. 2603, 2011 WL 1453791, at *4 (S.D.N.Y. Apr. 13, 2011) (holding that plaintiff's allegation that her co-worker's two uninvited attempts to kiss her were not actionable under Title VII because "these incidents . . . occurred 'off-site' and without any [employer] involvement"); *Devlin v. Teachers' Ins. & Annuity Ass'n of Am.*, No. 02 Civ. 3228, 2003 WL 1738969, at *2 (S.D.N.Y. Apr. 2, 2003) (granting defendant's motion for summary judgment on plaintiff's sexual harassment claim because plaintiff's co-worker's acts

occurred at a bar outside of work hours). Accordingly, the Complaint does not sufficiently plead that Chu's conduct can be imputed to Defendant.

Neither is the 2015 incident alleged to have included any circumstances that would give rise to employer liability. First, the NYPD offered a channel of complaint through the EEO reporting system. Indeed, Plaintiff pursued this avenue of complaint and filed an OEEO report with the NYPD on August 13, 2015. Second, the Complaint does not allege that Defendant failed to take sufficient remedial action. After Chu's derogatory comments, a supervisor directed Plaintiff to stay out of the Precinct for the remainder of the day, and following Plaintiff's OEEO report, the OEEO held two mediation sessions for Chu and Plaintiff to "work things out." After two sessions, Plaintiff voluntarily decided that she no longer wanted to continue mediation and preferred to pursue a G.O. 15 hearing. Although Plaintiff was unsatisfied with the outcome, Defendant provided an avenue of complaint and responded to Plaintiff's complaints. *See Cowan*, 2017 WL 1169667, at *6 ("Title VII does not convey upon an employee the absolute right to demand that a workplace dispute be resolved in a way that is most attractive to her.").

### B. NYCHRL Claims (Counts Eight and Ten)

Plaintiff's discrimination and hostile work environment claims under NYCHRL are dismissed. "[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). NYCHRL claims are to be reviewed more liberally than Title VII claims, and the provisions of the NYCHRL must be construed broadly in favor of plaintiffs alleging discrimination. *See id.*; *accord Ochoa v. Fed. Express Corp.*, No. 16 Civ. 8729, 2018 WL 3996928, at *4 (S.D.N.Y. Aug. 21, 2018).

To state a discrimination claim under the NYCHRL, a plaintiff need only show that he was treated "less well" than other employees because of his protected characteristic. *Mihalik*, 715 F.3d at 110; *accord Stinson v. City Univ. of N.Y.*, No. 17 Civ. 3949, 2018 WL 2727886, at *6 (S.D.N.Y. June 6, 2018). Even under the more liberal NYCHRL pleading standard, Plaintiff's discrimination claim is dismissed because, as discussed above, the Complaint does not allege facts that support an inference of discriminatory motivation for Plaintiff's alleged mistreatment. *Stinson*, 2018 WL 2727886, at *8 ("While the NYCHRL embodies a broader conception of actionable discrimination . . . than its federal and state counterparts, it still requires that the adverse employment action take place under circumstances that give rise to an inference of discrimination" ) (citing *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010)) (internal quotation marks omitted).

A hostile work environment claim under the NYCHRL "only requires a plaintiff to show that she was treated less well because of her gender; she does not need to show that the unwelcome conduct was severe or pervasive." *Marchuk v. Faruqi & Faruqi, LLP*, 100 F. Supp. 3d 302, 308 (S.D.N.Y. 2015) (internal quotation marks omitted). However, the NYCHRL adopts a more rigorous standard than federal law to impute liability to an employer. *See Swiderski v. Urban Outfitters, Inc.*, No. 14 Civ. 6307, 2017 WL 6502221, at *7 (S.D.N.Y. Dec. 18, 2017); *Brown v. City of N.Y.*, No. 11 Civ. 2915, 2013 WL 3789091, at *18 (S.D.N.Y. July 19, 2013). An employer will be held liable under the NYCHRL for the discriminatory acts of non-supervisory co-workers only if:

> the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where the conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

N.Y.C. Admin. Code § 8-107(13)(b); *see also Zakrzewska v. New Sch.*, 14 N.Y.3d 469, 480, (2010).

The hostile work environment claim under NYCHRL is dismissed because the Complaint does not allege that Chu's conduct is attributable to Defendant. The Complaint contains no allegation that Defendant "acquiesced" in Chu's discriminatory comments, and as discussed above, the Complaint states that Defendant took corrective action by facilitating mediation. As the Complaint fails to allege facts sufficient to impute Chu's conduct to Defendant under federal law, it also fails under the stricter NYCHRL standard.

### C. Leave to Replead

Plaintiff requests leave to replead any dismissed claims. Any application for leave to replead shall be made as provided below.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). "However, where the [party] is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Nypl v. JPMorgan Chase & Co.*, No. 15 Civ. 9300, 2017 WL 1133446, at *7 (S.D.N.Y. Mar. 24, 2017). Leave to amend the Complaint also may be denied where the Defendant "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies. . . ." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

## IV. CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss is GRANTED. The discrimination and hostile work environment claims under Title VII, NYSHRL and NYCHRL (Counts Two, Four, Five, Six, Eight and Ten) are dismissed. For clarity, the retaliation claims (Counts One, Three, Seven and Nine), which were not a subject of this motion, remain.

Should Plaintiff wish to seek leave to replead, Plaintiff shall file within 14 days a red-lined version of a proposed amended complaint, showing changes from the current Complaint, together with a letter application, not to exceed three pages, explaining how the legal deficiencies identified in this Opinion have been cured. No pre-motion conference nor any response is necessary unless requested by the Court.

The Clerk of Court is respectfully directed to close the motion at Docket Number 39.

Dated: April 22, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE