UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                           :
LISETTE TORRES, et al.,                    :
                                 Plaintiffs,   :
                                                      :                     18 Civ. 3644 (LGS)
                       -against-                        :
                                                      :                     **OPINION AND ORDER**
CITY OF NEW YORK,                      :
                                               Defendant.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Lissette Torres brought an action against Defendant the City of New York (the "City"), alleging discrimination claims under federal, state and city law. After reaching a full and final resolution of all claims, Plaintiff filed a motion for attorneys' fees, costs and expenses (the "Fee Motion"). In an amended Report and Recommendation (the "Report") dated June 3, 2020, Magistrate Judge Katherine H. Parker recommended granting the Fee Motion in part. Plaintiff filed timely objections. For the following reasons, the objections are overruled and the Report is adopted in full.

I.     BACKGROUND

       Plaintiff filed the Complaint on April 24, 2018. On October 2, 2018, the Court granted Plaintiff's letter motion for leave to file an Amended Complaint, with both individual and class claims. Defendant moved to dismiss the Amended Complaint in part on November 2, 2018, and on January 31, 2019, the Court stayed discovery on the class claims, and ordered discovery to proceed on the individual claims. On April 22, 2019, the Court granted Defendant's motion with respect to Plaintiff's discrimination and hostile work environment claims under federal, state and city law, and separately set a trial date for June 10, 2019.

After being referred for settlement before Judge Parker on April 26, 2019, the parties met for settlement discussions and prepared various pre-trial submissions.  On May 24, 2019, the parties reached a settlement in principal, and the case was dismissed without prejudice to restore to the Court's calendar.  Additional disputes arose in the course of finalizing settlement language, necessitating further settlement discussions with Judge Parker.  The parties signed a formal settlement agreement on November 4, 2019, which entitled Plaintiff to make an application for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

On December 17, 2019, the case was again referred to Judge Parker for Plaintiff's forthcoming Fee Motion, which was filed on January 10, 2020.  In the Fee Motion, Plaintiff seeks attorneys' fees of $753,465.25 for the 1,284.15 hours worked by attorneys at the Kurland Group,[1] from the initial investigation phase through December 31, 2019, as well as $17,969.93 in costs and expenses.  Plaintiff also seeks an additional $6,292.25 for 9.55 hours of attorney time spent between January 1 and March 31, 2020, working on the Fee Motion.

On May 18, 2020, Judge Parker issued an Opinion and Order (the "O&O"), to which Plaintiff timely objected.  Judge Parker then issued the Report on June 3, 2020, which amended the O&O to correct a mathematical error identified by Plaintiff.

As relevant here, the Report made the following recommendations.  With respect to hourly rate, the Report recommended that Ms. Healey-Kagan's rate be reduced from $650/hour to $400/hour, the rate for junior associates at the Kurland Group from $450/hour to $250/hour and the rate for law clerks and paralegals from $325/hour to $100/hour.  With respect to total hours billed, the Report recommended that the total expended hours submitted from the initial

---

[1] The Kurland Group specializes in civil rights litigation, with a focus on LGBTW rights and employment discrimination, and was founded by Yetta Kurland. Ms. Kurland is Plaintiff's lead counsel and is also a partner at the firm.

investigation phase of the case through the submission of Plaintiff's opening brief for the Fee Motion be reduced by 25% (the "25% Reduction"), i.e., a reduction of 1,284.15 to 963.1125 total hours. Combined with 9.55 hours spent on the fee application between January and March 31, 2020, this resulted in a total of 972.66 billable hours for the lodestar calculation.

The 25% Reduction follows from a variety of findings, such as counsel's failure to remove di minimis time billed by attorneys or staff; improper entries for travel time and tasks that should have been performed by a secretary or paralegal; entries for time spent submitting a New York State Freedom of Information Act ("FOIL") request and a Notice of Claim; vague and non-specific time entries; entries for numerous internal conferences and for time Plaintiff's counsel spent finalizing the settlement agreement and its language. The Report also recommended reallocating the total compensable hours (i.e., 972.66 hours) among the various billing rates to account for inefficient staffing. In sum, the Report recommended that Plaintiff be awarded attorneys' fees of $294,229.65 and costs of $17,193.32, for a total of $311,422.97. Plaintiff timely filed objections.

## II.   STANDARD

### A.   Standard of Review

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). Even when exercising de novo review, "[t]he district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006)

(summary order); *accord Espinosa v. Perez*, No. 18 Civ. 8855, 2020 WL 1130743, at *1 (S.D.N.Y. Mar. 9, 2020). "Portions of a magistrate judge's report to which no or merely perfunctory objections are made are reviewed for clear error." *G.T. v. New York City Dep't of Educ.*, No. 18 Civ. 11262, 2020 WL 1503508, at *1 (S.D.N.Y. Mar. 30, 2020) (internal quotation marks omitted).

"When a party . . . simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016); *accord Arana v. Barr*, No. 19 Civ. 7924, 2020 WL 1659713, at *5 (S.D.N.Y. Apr. 3, 2020) (collecting cases). Where no specific written objection is made, "the district court can adopt the report without making a *de novo* determination." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F.Supp.3d 340, 345 (S.D.N.Y. 2019). Similarly, "[i]n this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); *see Anderson v. Pheonix Beverage Inc.*, No. 12 Civ. 1055, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015) (same and collecting cases).

B.  **Legal Standard**

"The district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (alteration in original); *accord Ostrolenk Faber LLP v. Office Depot, Inc.*, No. 18 Civ. 10852, 2020 WL 3871387, at *3 (S.D.N.Y. July 8, 2020). "However, this discretion is not unfettered, and when a prevailing party is entitled to attorneys' fees, the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Millea*, 658

F.3d at 166. "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Id.* (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010)); *accord Ostrolenk Faber LLP*, 2020 WL 3871387, at *3. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *accord Ekukpe v. Santiago*, No. 16 Civ. 5412, 2020 WL 1529259, at *1 (S.D.N.Y. Mar. 31, 2020).

In calculating the lodestar rate, the court must "bear in mind *all* of the case-specific variables . . . relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections ("Arbor Hill")*, 522 F.3d 182, 190 (2d Cir. 2008); *accord Douglas v. Anthem Prods., LLC*, No. 18 Civ. 5789, 2020 WL 2631496, at *2 (S.D.N.Y. May 26, 2020). "[A] district court [should] consider, in setting the reasonable hourly rate it uses to calculate the 'lodestar,' what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184; *accord Douglas*, 2020 WL 2631496, at *2. "[T]he district court . . . should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190; *accord Douglas*, 2020 WL 2631496, at *2. Put differently, the district court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the *least amount necessary* to litigate the case effectively." *Arbor Hill*, 522 F.3d at 184 (emphasis added); *accord Douglas*, 2020 WL 2631496, at *3. Courts also assess "the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), [and] the resources required to prosecute the case effectively." *Arbor Hill*, 522 F.3d at 184; *accord Douglas*, 2020 WL 2631496, at *3.

The Second Circuit's "forum rule generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011) (internal quotation marks omitted); *accord Figueroa v. W.M. Barr & Co., Inc.*, No. 18 Civ. 11187, 2020 WL 2319129, at *2 (S.D.N.Y. May 11, 2020). "Fees should not be awarded at higher out-of-district rates unless a reasonable client would have selected out-of-district counsel because doing so would likely . . . produce a substantially better net result." *Bergerson*, 652 F.3d at 290 (alteration in original) (internal quotation mark omitted); *accord Finkel v. Athena Light & Power LLC*, No. 14 Civ. 3585, 2016 WL 4742279, at *10 (E.D.N.Y. Sept. 11, 2016).

"Because the fee applicant bears the burden of establishing the reasonableness of the hourly rates requested, the applicant must 'produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community.'" *Douglas*, 2020 WL 2631496, at *3 (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Courts have found that the applicant attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate." *In re Stock Exchanges Options Trading Antitrust Litig.*, No. 99 Civ. 0962, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006) (citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000)); *see Arbor Hill*, 522 F.3d at 186 n.3 (noting that one of the "case-specific variables" a court may consider in determining the reasonableness of fees is "the attorney's customary hourly rate").

Plaintiff must also establish that the number of hours for which she seeks compensation are reasonable, and the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."

*Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997); *accord Douglas*, 2020 WL 2631496, at *5. At to whether hours worked were excessive, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *accord Douglas*, 2020 WL 2631496, at *5. "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord Douglas*, 2020 WL 2631496, at *5. However, "[t]here is no precise rule or formula for making these determinations. . . [and] [t]he court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. 436-37; *accord Douglas*, 2020 WL 2631496, at *5.

## III.   DISCUSSION

Plaintiff objects to the following aspects of the Report: that the hourly rates recommended for certain attorneys and staff in the Kurland Group do not reflect their skills, experience or the complexity of the case; that the Report erred in recommending the 25% Reduction; and that the Report erred in reallocating the total compensable hours to account for inefficient staffing. For the following reasons, these objections are overruled, and the Report is adopted in full.

### A.   **Hourly Rate**

With respect to hourly rate, Plaintiff argues that the Report's recommended $400/hour rate for Ms. Healey-Kagan, $250/hour rate for junior associates and a $100/rate for law clerks and paralegals do not reflect the attorneys' skills, experience or the complexity of the case.

7

Although Plaintiff made similar arguments in the Fee Motion, these objections are reviewed de novo and are overruled.

In recommending a $400/hour rate for Ms. Healey-Kagan (and other attorneys at the Kurland Group), the Report correctly considered the "case-specific variables" identified in *Arbor Hill*, 522 F.3d at 190, such as "the time and labor required," "the novelty and difficulty" of the legal and factual issues in the case, "the level of skill required to perform the legal service properly," "the experience, reputation, and ability of the attorneys," "the attorney's customary hourly rate," "the amount involved in the case and the results obtained" and "awards in similar cases," among other variables. *Id.* at 186 n.3. The Report correctly noted that "[t]his case at its core was a straightforward employment discrimination case"; that Plaintiff's counsel was a "zealous advocate" and "demonstrated a satisfactory level of competence and knowledge of the facts"; that, while the Kurland Group specializes in civil rights, it does not (yet) have the reputation or experience of other plaintiffs'-side employment firms that have commanded and been awarded higher hourly rates; that, in a recent case, a court awarded Ms. Healey-Kagan a rate of $350/hour, although for a period when she was less senior at the firm and/or had not been promoted to junior partner; and that in similar, single-plaintiff civil rights cases, courts in this District have awarded attorneys with Ms. Kurland's experience fees in the range of $400-500/hour.[2] *See, e.g.*, *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019) (affirming a fee award based on a $450/hour rate to an attorney in a "straightforward civil rights case[]").

---

[2] Ms. Kurland graduated from law school in 1997 and has held various leadership positions in the bar, among other accolades. Plaintiff does not object the Report's recommended reduction of Ms. Kurland's rate from $695/hour to $600/hour.

Because Plaintiff cites no facts or law[3] to support an alternate finding, her objection regarding Ms. Healey-Kagan's rate is overruled.

Plaintiff's objections regarding the recommended $250/hour rate for junior associates and $100/hour rate for law clerks and paralegals are also overruled. The Report correctly noted, as to the junior associate rate,[4] that typical rates in this District for junior associates are in the $200-350/hour range at law firms specializing in civil rights, *see Decastro v. City of New York*, No. 16 Civ. 3850, 2017 WL 4386372, at *6 (S.D.N.Y. Sept. 30, 2017) (rejecting a proposed $325/hour rate for a junior associate at a firm specializing in civil rights, and noting that "[c]ourts in this district generally award fees at hourly rates between $150 and $275 for junior associates at law firms specializing in civil rights"), and that rate for law clerks and paralegals is commonly below $200/hour, *see Andrews v. City of New York*, 118 F. Supp. 3d 630, 643 (S.D.N.Y. 2015) (awarding fees at $100/hour to two non-lawyers specializing in research "at a paralegal rate").

## B.     Hours Billed

Plaintiff objects to the 25% Reduction related findings. These objections are reviewed

---

[3] The cases cited by Plaintiff to support a higher rate for Ms. Healey-Kagan are unpersuasive. For example, *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96 Civ. 8414, 2017 WL 4103643 (S.D.N.Y. Sept. 7, 2017), *report and recommendation adopted*, No. 96 Civ. 8414, 2017 WL 4082304 (S.D.N.Y. Sept. 8, 2017) is not comparable where, for example, the case had a "nearly twenty-one year history," involved "[i]ndividual damages trials . . . [and] damages demands for 129 class members" and "nineteen in-person hearings to resolve disputes between the parties regarding class members' individual claims for damages." *Id*. at *1. The facts in *Au New Haven, LLC v. YKK Corp.*, No. 15 Civ. 3411, 2018 WL 333828 (S.D.N.Y. Jan. 5, 2018) are also distinguiable.

[4] Plaintiff cites *Au New Haven, supra,* and *TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529, 2016 WL 1029553 (S.D.N.Y. Mar. 9, 2016), *on reconsideration in part*, No. 12 Civ. 3529, 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018), to support the proposition that $450/hour is a reasonable rate for Kathleen Cullum and Brian Jasinski, two junior associates at the Kurland Group. However, *TufAmerica Inc.* involved copyright claims litigated by two large, international law firms with multiple offices and practice areas.

de novo and overruled.

### 1. Time Spent Finalizing Terms of Settlement

Echoing arguments made in the Fee Motion, Plaintiff objects to the Report's finding that her counsel spent "an inordinate amount of time arguing about the settlement agreement and the language in the agreement," and argues that the Report improperly shifted the burden of absorbing the cost of settlement negotiations, particularly where Defendant allegedly reneged on settlement terms. Plaintiff contends that she acted in good faith despite Defendant's defiance of the Court's orders and continued refusal to agree to certain terms, which necessitated another settlement conference and further negotiations.

This objection is reviewed de novo and is overruled. While mutual release, recovery of legal fees, anti-oppression training and mutual cooperation may have been critical from Plaintiff's perspective, she has not shown that Defendant agreed to these terms either in the initial May 2019 agreement in principle, or at any point afterwards. Rather, the record shows that disputes quickly resurfaced after this initial agreement, and that these issues were addressed multiple times before this Court and on referral before Judge Parker between June and November 2019. By considering the approximately six months it took to finalize settlement as part of the 25% Reduction, the Report did not "improperly shift[] the burden of absorbing the cost of settlement negotiations" to Plaintiff, but rather correctly considered the excessive amount of time the parties spent finalizing settlement, which stemmed, at least in part, from Plaintiff's own actions. That Plaintiff's counsel expended 1,284.15 hours on the opening brief for the Fee Motion strengthens this point.

### 2. Addititional Objections to the 25% Reduction

Plaintiff objects to other findings related to the 25% Reduction. These objections are reviewed de novo and are overruled.

First, Plaintiff argues that, despite the Report's noting that Plaintiff filed an affidavit in her objections to the O&O "stating that the billing records previously submitted were contemporaneous," the Report failed to adjust the O&O's reduction of hours based on non-contemporaneous billing. This objection is overruled because, while the Report did reference Plaintiff's affidavit, it still found that "[t]o the extent this Court previously noted that non-contemporaneous timekeeping leads to vagueness, that observation stands." In other words, despite Plaintiff's affidavit, the Report still correctly concluded that "many of [counsel's] time entries are vague" and that "[i]t is impossible to judge the reasonableness of the time spent on [certain] tasks if the topic of the work is not disclosed or more information provided justifying the time spent." Courts routinely reduce time in fee applications for vague time entries. *See Ravina v. Columbia Univ.*, No. 16 Civ. 2137, 2020 WL 1080780, at *9 (S.D.N.Y. Mar. 6, 2020) (concluding the same and collecting cases). Plaintiff's other objections regarding vague time entries,[5] duplicate billing,[6] billing for di minimis time,[7] time entries related to travel time and

---

[5] Rather than addressing the specific examples of vague time entries identified in the Report, Plaintiff argues that "the totality of the billing on that day make[s] clear the subject matter of the work," with citation to *Ekukpe v. Santiago*, No. 16 Civ. 5412, 2020 WL 1529259, at *5 (S.D.N.Y. Mar. 31, 2020). This argument is unpersuasive, in part, because the court in *Ekukpe* relied on the "reasonable [and more specific] tasks" to which the vague entries were attached, something Plaintiff has not provided here. *Id*.

[6] Plaintiff argues that the duplicative billing entries identified in the Report are an "organic reflection of billing" and, even assuming they were duplicative, "should . . . be disregarded in light of the overall accuracy of the bill." Because the Report correctly concluded that the attorneys' fees bill was not, in fact, entirely accurate, this argument is meritless.

[7] That Plaintiff argues her counsel (prior to filing the Fee Motion) "carefully reviewed its bill before submitting it and removed the hours of three different attorneys who had spent less than

11

administrative tasks[8] and for numerous internal conferences[9] are similarly overruled, as is the broader objection to the 25% Reduction as "excessive." *See Kirsch*, 148 F.3d at 173 ("[T]he court has discretion simply to deduct a reasonable percentage of the number of hours claimed.").

Plaintiff also objects to the Report's findings regarding the time spent preparing Plaintiff's Notice of Claim. This objection is overruled. While it is true that Ms. Kurland submitted a declaration (as part of her objections to the O&O) stating that counsel billed a total of 2.55 hours to prepare and draft the Notice of Claim, the declaration also notes that approximately three additional hours were billed for work related to the Notice of Claim, such as "54 minutes . . . spent in conference regarding the filing of the Notice of Claim . . . [and] 30 minutes . . . spent communicating with the client about the filing of the Notice of Claim." That the Report concluded that "at least some" of the time billed to the Notice of Claim is compensable -- and recommended reducing the hours to account for time not fairly attributable to this litigation -- was within its discretion.

---

an hour of time on this matter as well as other hours that could reasonably be believed to not be recoverable in this action" does not obviate the fact that, as the Report correctly concluded, other di minimis time entries were included in the total hours billed, and therefore the Report correctly concluded that this time should be removed.

[8] Plaintiff argues that because the amount of time incorrectly billed for travel and administrative tasks is di minimis (16.95 hours) it should not be included in the broader total subject to the 25% reduction, and that because the Kurland Group is a smaller boutique law firm that does not employ secretaries, Plaintiff should not be penalized by reducing her entire bill because her counsel does not employ secretaries. Because the district court has broad discretion to exclude hours that were not "reasonably expended," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), these arguments are unpersuasive.

[9] With respect to internal conferences, Plaintiff argues they "serve[] an important purpose for effective representation," and cites *D.B. on behalf of S.B. v. New York City Dep't of Educ.*, No. 18 Civ. 7898, 2019 WL 4565128 (S.D.N.Y. Sept. 20, 2019). However, in that case, "intra-office communications account[ed] for [only] . . . 34 hours of the time billed," *id*. at *4, as compared to here, where there were approximately 112 internal strategy meetings on the December 2019 invoice alone, and no indication that these meetings were held, for example, "to facilitate delegation . . . [and] allow[] [the Kurland Group] . . . to conduct its business at a lower cost." *Id*.

Plaintiff objects to the finding that hours billed for the FOIL request were not compensable because the request was ancillary to the filing of the EEOC charge and the lawsuit. This objection is also overruled because the FOIL request uncovered information related to an alleged pattern and practice of discrimination, a type of claim that the EEOC did not pursue against the City and that Plaintiff could not pursue as an individual litigant.

### C.     Reduction in Total Number of Hours

Plaintiff separately argues that, even if the Court adopts the 25% Reduction, the Report erred in recommending the reallocation of total compensable hours to account for inefficient staffing, such that 15% of the hours should be compensated at the $100/hour rate, 55% of the hours at the $250/hour rate, 15% of the hours at the 400% rate and 15% of the hours at the $600/hour rate, resulting in a fee award of $294,229.65. This objection is reviewed de novo and is overruled.

In reaching its recommendation, the Report correctly noted that "the case appears to have been staffed with the most experienced attorneys performing the lion's share of the work on the case" and that "[t]his is not the way litigation should be staffed." Specifically, the Report noted that there were nine attorneys who worked on the case, including seven who were recent law school graduates or junior associates, and that "[t]hese attorneys could have performed many of the tasks performed by Ms. Kurland and Ms. Healy-Kagan," such as "prepar[ing] subpoenas," "draft[ing] deposition questions," "correspond[ing] with process servers," "conduct[ing] legal research," "correspond[ing] with court reporters," "prepar[ing] and submit[ting] FOIL requests" and "mail[ing] and serv[ing] discovery," and that there are multiple entries for Ms. Kurland and Ms. Healy-Kagan doing these types of tasks.

Plaintiff's objections do not address these specific findings. Rather, Plaintiff argues that

the Report's recommendation to reallocate the compensable hours to account for a more efficient model, in addition to the 25% Reduction, results in an "additional reduction" that is "improper as a matter of law."[10] While Plaintiff is correct that "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself because doing so effectively double-counts those factors," *Millea*, 658 F.3d at 167, that is not what occurred here, as the Report did not consider staffing inefficiency in the lodestar calculation. As the Second Circuit noted in *Millea*, once a court has calculated the lodestar, "it is not 'conclusive in all circumstances' . . . [and a] district court may adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Id.* (quoting *Perdue*, 559 U.S. at 554). While this type of adjustment is "appropriate only in 'rare circumstances,'" *id.* (quoting Perdue, 559 U.S. at 554), it properly occurs particularly when hours are reallocated due to inefficient staffing. *See Haifeng Xie v. Sakura Kai I Inc.*, No. 17 Civ. 7509, 2020 WL 2569406, at *1-2 (E.D.N.Y. May 20, 2020) (adopting the magistrate judge's recommendation to both reallocate hours from a law firm principal to associates, and reduce all hours billed by 40%). Accordingly, this objection is overruled.[11]

With respect to the remainder of the Report to which no objections were raised, the Court finds no clear error, *see Shulman*, 392 F.Supp.3d at 345, and these findings are therefore

---

[10] Plaintiff also argues that Ms. Cullum ended employment at the Kurland Group in November 2018 and that Mr. Jasinski did not begin working there until May 2019, and therefore, in essence, that Ms. Kurland and Ms. Healy-Kagan were the only attorneys available to work on this matter between November 2018 and May 2019. However, Plaintiff does not explain why the various other attorneys, law clerks and legal asisstants who worked on this matter were not available to assist Ms. Kurland and Ms. Healy-Kagan during this time.

[11] Plaintiff separately argues that the Report did not consider the "the degree of success obtained" lodestar factor. This objection is overruled because the Report explicitly noted that "Plaintiff's counsel was a zealous advocate for their client and demonstrated a satisfactory level of competence and knowledge of the facts."

14

adopted. *See Stewart v. Berryhill*, No. 16 Civ. 4940, 2017 WL 2992504, at *2 (S.D.N.Y. July 14, 2017) (concluding the same).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections are overruled and the Report's recommendation to grant in part the Fee Motion is adopted. Plaintiff is awarded fees of $294,229.65 and costs in the amount of $17,193.32, for a total of $311,422.97.

Dated: August 20, 2020
 New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**